UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2300(DSD/SRN)

Deutsche Voest-Alpine Industrieanlagenbau, GmBH,

plaintiff,

v.

**ORDER**

Thomas Turk,

Defendant.

Steve W. Gaskins, Esq., Patrick R. Martin, Esq. and Flynn, Gaskins & Bennett, 2900 Metropolitan Center, 333 South Seventh Street, Minneapolis, MN 55402 and William J. Morris, Esq., Joseph N. Stella, Esq., Jeffrey W. Gunn, Esq. and Morris & Stella, 200 Adams Street West, Suite 1200, Chicago, IL 60606, counsel for plaintiff.

John F. Angell, Esq., Leo I. Brisbois, Esq. and Stich, Angell & Kreidler, 250 Second Avenue South, Suite 120, Minneapolis, MN 55401, counsel for defendant.

This matter is before the court on the motion of plaintiff [Doc. No. 17] Deutsche Voest-Alpine Industrieanlagenbau ("DVAI") to dismiss defendant's counterclaim for contractual indemnity pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court will deny in part and grant in part that motion, and defendant's counterclaim is ordered stayed pending resolution of it by arbitration.

FILED 8-14-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

## BACKGROUND

The present case was initiated by plaintiff DVAI seeking common law contribution from defendant Thomas Turk ("Turk") for any damages which DVAI may have to pay on account of personal injuries suffered by Michael Zwicki ("Zwicki"). Zwicki has asserted products liability damage claims against DVAI and other defendants in the underlying case of Michael Zwicki, et al. v. Superior Machine Co. of South Carolina, et al., Civil No. 00-1942(DSD/SRN). Turk counterclaimed seeking indemnification from DVAI pursuant to a written contract that involved the sale and installation of the electric arc furnace that was involved in the injury sustained by Zwicki.[1]

DVAI now moves for dismissal under Fed. R. Civ. P. 12(b)(6) on three bases asserting that: (1) DVAI is not a party to the underlying contract; (2) the indemnity clause is being misconstrued by Turk; and (3) alternatively, any claim or dispute arising under the contract is subject to the mandatory arbitration clause in that

---

[1] The facts of this case have been laid out in some detail in the court's previous order dated July 31, 2002. Zwicki was injured on December 24, 1998, when he was struck in the head by a piece of steel slag which fell from the underside of an open roof of an electric arc furnace that had been designed and constructed by DVAI and Voest-Alpine Industries, Inc. ("VAI, Inc.") for Zwicki's and Turk's employer North Star Steel of St. Paul, Minnesota. Zwicki, a crane operator, had been directed by his supervisor, Turk, to clean the base of the furnace. The crux of Zwicki's lawsuit is that the electric arc furnace system was defectively designed. VAI, Inc. is a Pittsburgh, Pennsylvania corporation that entered into a contract with North Star to design, erect and commission the arc furnace. DVAI is a Dusseldorf, Germany company that designed the electric arc furnace for VAI, Inc.

contract.

While the court disagrees with DVAI's assertions pertaining to the first two bases for dismissal, as will be discussed, the court does agree that the underlying contract contains a binding arbitration clause that must be enforced in the present matter.

**DISCUSSION**

**A. Rule 12 Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. In considering a motion to dismiss, the court takes all facts alleged in plaintiff's complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the court must construe the allegations in the complaint and reasonable inferences arising from the complaint in the light most favorable to the plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The court will dismiss a complaint only when it appears the plaintiff cannot prove any set of facts that support the claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted). In other words, a motion to dismiss should be granted "'as a practical matter ... only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Frey, 44 F.3d at 671 (quoting Bramlet v. Wilson,

495 F.2d 714, 716 (8th Cir. 1974)).

**B. DVAI Falls Within Definition of Contractor**

DVAI asserts that Turk's counterclaim seeking indemnity under the provisions of the contract covering the design and construction of the electric arc furnace at issue in the underlying case should be dismissed pursuant to Rule 12(b)(6) because DVAI is not a signatory to the contract. Under the applicable standard, however, the court believes that the factual allegations of Turk's counterclaim are sufficient to preclude the court from granting a Rule 12 motion since DVAI may be included within the definition of "contractor" as that term is used in the underlying contract.

Paragraph 3.1.1 of the contract provides that "[t]he term 'Contractor' means the contractor [VAI, Inc.] or the contractor's authorized representative." It is a matter of record in the underlying case that DVAI was an authorized representative of VAI Inc., in part, for the purpose of performing the design work on the electric arc furnace contract.[2] Moreover, it is asserted in Turk's counterclaim that DVAI was responsible under the terms of the contract for providing the design of the electric arc furnace sold

---

[2] This court in an order dated July 31, 2002, in the underlying case of Zwicki v. Superior Machine Co., et al., granted Zwicki partial summary judgment and aggregated the liability of DVAI and VAI, Inc. In light of that order, Turk makes a persuasive argument that DVAI is estopped in the present matter from claiming that it is not bound by the provisions of the underlying contract. However, because the language of the contract is directly applicable to DVAI for purposes of the present Rule 12 motion, the court will not directly address the estoppel issue.

to North Star Steel. Therefore, accepting the factual allegation of Turk's counterclaim as true and drawing all reasonable factual inferences favorable to the counterclaim, as is required by a Rule 12 motion, DVAI is reasonably viewed as an authorized representative and falls within the definition of "contractor" found in paragraph 3.1.1 of the electric arc furnace contract.

The court must thus deny the motion of DVAI based on its allegation that it is not a signatory to the contract.

**C. Indemnity Clause Is Applicable**

DVAI also asserts that Turk misconstrues the indemnity clause of the underlying contract. In particular, DVAI argues that the indemnity clause does not apply to the present action because Zwicki's injuries did not occur until after the construction of the electric arc furnace was completed. The indemnity clause states, in relevant part, that:

> To the fullest extent permitted by law, the Contractor shall indemnify, and hold harmless the Owner and its agents and employees from and against all claims, damage, losses and expenses, ... arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense ... (2) is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.

Additionally, the term "Work" is defined in paragraph 1.1.3 of the contract as, "equipment and services required ... whether completed

or partially completed, and includes all other materials, equipment and services provided or to be provided by the Contractor ... ."

Turk states a claim under the plain language of the indemnity provision, and the court fails to see any limitation upon its application for purposes of the present matter as is asserted by DVAI. Both Zwicki, in the underlying case, and Turk, in the present action, allege that Zwicki's injuries were the result of negligence or omissions by DVAI in designing the furnace. More specifically, Zwicki's claims against DVAI are centered upon an allegation that defendant failed to incorporate adequate safety systems into the design of the furnace. The development of the design for the furnace was work required under the contract which would reasonably fall within the plain meaning of the term "work" as it is used in the indemnity clause of the contract.

Therefore, since Zwicki's personal injuries are alleged, both in the underlying case and in Turk's counterclaim, to have arisen out of the negligence of DVAI in the performance of services required of it by the contract, that is, by its failure to include adequate warning devices in the design of the furnace at issue here, the present counterclaim for indemnity does fall within the provisions of the relevant contract clause.

**D. Arbitration Clause**

DVAI asserts that contract disputes must be submitted to arbitration. Clause 4.2.1 of the contract provides that:

> CONTROVERSIES AND CLAIMS SUBJECT TO ARBITRATION. Any controversy or claim arising out of or related to the Contract, or the breach therof, which cannot be resolved by mutual agreement of the parties, shall be settled by arbitration according to the Construction Industry Arbitration Rules of the American Arbitration Association.

The court agrees with DVAI. Absent fraud, misrepresentation, or deceit in execution, arbitration clauses in contracts are generally enforced. See N&D Fashions, Inc. v. DHJ Indus., Inc., 548 F.2d 722, 727 (8th Cir. 1977). Since there are no allegations of fraud, misrepresentation, or deceit in the present matter, the court will enforce the arbitration clause. Accordingly, Turk's counterclaim is stayed pending its resolution by arbitration. Furthermore, the court will retain jurisdiction to enforce the outcome of arbitration.[3]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

(1) DVAI's Rule 12(b)(6) motion [Doc. No. 17] to dismiss is denied

---

[3] Moreover, the court is not persuaded by Turk's argument that DVAI "waived" its right to enforce the arbitration clause since it has not, to date, made a "formal" demand for arbitration. DVAI's initial complaint sought common law contribution, it was Turk in his counterclaim who first raised a claim under the contract. Moreover, DVAI's position, as reflected in the present motion, has not been inconsistent with the arbitration clause, rather DVAI has asserted that it was not bound by the terms of the underlying contract, and in light of the court's ruling in its order dated July 31, 2002, and the present order, DVAI is only now in a procedural position where it could reasonably be expected to make a formal demand for arbitration within reasonable time as is required by the terms of the contract. Thus, there has been no waiver.

in part and is granted in part, and

(2) Thomas Turk's counterclaim is stayed pending the resolution of arbitration.

Dated: August 14, 2002

David S. Doty, Judge
United States District Court